XAVIER BECERRA
Attorney General of California
LANCE E. WINTERS
Chief Assistant Attorney General
SUSAN SULLIVAN PITHEY
Senior Assistant Attorney General
XIOMARA COSTELLO
Deputy Attorney General
TONI R. JOHNS ESTAVILLE
Deputy Attorney General
State Bar No. 270704
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6166
  Fax:  (916) 731-2122
  E-mail:  DocketingLAAWT@doj.ca.gov
*Attorneys for Respondent*

CUAUHTEMOC ORTEGA (Bar No. 257443)
Interim Federal Public Defender
MORIAH S. RADIN (Bar No. 260245)
Deputy Federal Public Defender
MICHAEL T. DRAKE (Bar No. 225773)
(Email: michael_drake@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012-4202
Telephone: (213) 894-5355
Fax: (213) 894-0081
*Attorneys for Petitioner*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WEBSTER LUCAS,**<br><br>                    Petitioner,<br><br>    v.<br><br>**CRAIG KOENIG,**<br><br>                    Respondent. | Case No. CV 19-00963-JLS (AS)<br><br>**PROTECTIVE ORDER** |

# STIPULATED PROTECTIVE ORDER

1.A. PURPOSES AND LIMITATIONS

Documents produced in this action are likely to involve the production of:

a) files of, and any and all documents created, prepared, received, or maintained by, the Los Angeles County Alternate Public Defender's Office, Deputy Alternate Public Defender Kris Finley, their investigators or staff, in connection with their representation of Petitioner in *People v. Webster Lucas*, Los Angeles County Superior Court Case No. MA072908 ("*Lucas*"), including but not limited to file notes; and

b) files of, and any and all documents created, prepared, received, or maintained by, the Los Angeles County District Attorney's Office, Los Angeles County Deputy District Attorneys Robert Sherwood, Yujin Yi, and Ryan Williams, their investigators or staff, in connection with their representation of the People in *Lucas*, including but not limited to file notes, witness checks, incident reports, and laboratory reports.

These documents are confidential privileged, or both, and may otherwise contain private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order. The parties acknowledge that the Order does not confer blanket protections of protected documents and that the protection it affords from public disclosure and use outside the litigation of this federal habeas action extends only to the limited information or items that are entitled to confidential or privileged treatment under the applicable legal principles. The parties further

acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action is likely to involve communications subject to attorney-client privilege and materials constituting attorney work product for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, information generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. To expedite the flow of information, facilitate the prompt resolution of disputes over the confidentiality or privileged nature of these materials, adequately protect information the parties are entitled to keep confidential or privileged, ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of this litigation, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential or otherwise protected for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner or—if made public—has been made public only during the course of and in connection with this federal habeas action and that there is good cause why it should be subject to the protections afforded by this Order

2. DEFINITIONS

    2.1. Action: *Webster Lucas v. Craig Koenig,* United States District Court case number CV 19-00963-JLS (AS).

2.2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3. "CONFIDENTIAL" Information or Items:  Documents that qualify for protection as specified above in the Good Cause Statement.

2.4. Counsel: Counsel of Record (as well as their support staff).

2.5. Designating Party: a Party or Non-Party that designates documents it produces as "CONFIDENTIAL."

2.6. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.7. Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.8. Producing Party: a Party or Non-Party that produces documents in this Action.

2.9. Protected Material: All papers, records, and other recorded data ("documents") that are voluntarily exchanged, disclosed pursuant to the stipulated prehearing order subject to a designation of confidentiality and a claim of privilege, and any and all documents obtained under a designation of confidentiality or a claim of privilege.  Protected Material shall not include any document that is or was in the possession of an opposing party or Producing Party prior to this proceeding.

2.10.   Receiving Party: a Party that receives documents from a Producing Party.

3. SCOPE

   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4. DURATION

   4.1. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

   4.2. This Court shall have continuing jurisdiction to enforce its terms.

5. DESIGNATING PROTECTED MATERIAL

   5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  A Party or Non-Party may not designate any information or item for protection under this Order that that is or was in the possession of an opposing party or Producing Party prior to this proceeding.

   5.2. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.4. Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.5(a) below), or as otherwise stipulated or ordered, documents that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.5. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each document, electronic file, or page that contains protected material. If only a portion or portions of the material of a document, electronic file, or page qualifies for protection, the Producing Party also must separate or clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each document, electronic file, or page that contains Protected Material. If only a portion or portions of the material of a document, electronic file, or page qualifies for protection, the Producing Party also must

separate or clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   (b) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  5.6. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

  6.2. Meet and Confer. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. *See* http://www.cacd.uscourts.gov/honorable-alka-sagar.

  6.3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of

protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) the court and its personnel;

(d) court reporters and their staff;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

    (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

1       (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

       (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

       (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and make the information requested available for inspection by the Non-Party, if requested.

       (c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

    12.1.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.1.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.1.3. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. Knowledge of Protective Order. Each person (except Court personnel) to whom disclosure of Protected Documents, or any portion thereof, is made, with the exception of those identified in subparagraph d. above who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided a copy of this Protective Order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order, and that he/she agrees to be bound by the provisions of this Protective Order. Such person (except Court personnel) also must consent in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceeding relating to enforcement of this Order, including without limitation, any proceeding for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

14. Additional notations without prejudice to the rights of the Petitioner, the Alternate Public Defender of Los Angeles County, and the Los Angeles County District Attorney.

   14.1.  Nothing in this Protective Order is intended to prevent officials or employees of the County of Los Angeles from having access to the Protected Documents as they ordinarily would in the course of their job duties.

   14.2.  Nothing in this Protective Order prevents subsequent disclosure of the Protected Documents to defense attorneys representing Petitioner in a re-trial or other post-conviction proceedings from gaining access to the Protected Documents to the extent they are otherwise available through ordinary discovery procedures or similar means.

   14.3.  Nothing in this order precludes a witness from disclosing events or

activities personal to him or her; that is, a witness can disclose to others information previously given to the County of Los Angeles with respect to what he or she saw, heard or otherwise sensed.

15. Retroactivity. This Protective Order, when entered into by the Court, shall be retroactive to the date that this Action commenced.

16. FINAL DISPOSITION

    16.1.1. After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.1.2. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

SO STIPULATED:

Dated: October 15, 2020

XAVIER BECERRA
Attorney General of California
LANCE E. WINTERS
Chief Assistant Attorney General
SUSAN SULLIVAN PITHEY
Senior Assistant Attorney General
XIOMARA COSTELLO
Deputy Attorney General


*/s/ Toni R. Johns Estaville*

TONI R. JOHNS ESTAVILLE
Deputy Attorney General
*Attorneys for Respondent*


CUAUHTEMOC ORTEGA
Interim Federal Public Defender


*/s/ Michael T. Drake*

MICHAEL T. DRAKE
MORIAH S. RADIN
Deputy Federal Public Defenders
*Attorneys for Petitioner*


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: October 6, 2020                    /s/ Sagar
The Honorable Alka Sagar
United States Magistrate Judge

LA2019100533
63590996.docx